<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGIA L. COMBS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMY GOPEL, *et al.*,<br><br>    Defendants. | No. 23cv6502 (EP) (CLW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Georgia L. Combs brings an action pursuant to Title VII of the Civil Rights Act of 1964,[1] ("Title VII"), the Age Discrimination in Employment Act of 1967,[2] ("ADEA"), and the Americans with Disabilities Act of 1990[3] ("ADA") against Defendants Amy Gopel, Matthew Hummer, Samuel Morgan, and Thomas F. Hunt in connection with her dismissal from the United States Department of the Army ("Army"). D.E. 1 ("Complaint" or "Compl.").[4] Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 18 ("Motion" or "Mot.").

---

[1] 42 U.S.C. § 2000e, *et seq*.
[2] 29 U.S.C. § 623, *et seq.*
[3] 42 U.S.C. § 12112, *et seq.*
[4] Seven months after filing the Complaint, Plaintiff filed an "addendum" without leave of Court. D.E. 14. Due to Plaintiff's *pro se* status, the Court will consider the addendum as part of the pleadings. However, the Court will not consider Plaintiff's "Motion for Wrongful Termination and Disability Discrimination," D.E. 24, which the Court construes as an attempt to amend the Complaint. A party may amend its pleading once, without leave of court, so long as it is filed within 21 days of service or within 21 days after a motion to dismiss pursuant to Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1). Here, Defendants were served with the Complaint on November 18, 2023. Defendants filed their Motion on June 7, 2024, and Plaintiff filed D.E. 24 on August 4, 2024, well after the 21 days had passed. Therefore, if Plaintiff wished to amend the Complaint, she must have either received written consent from Defendants or successfully moved the Court for leave to amend. See Fed. R. Civ. P. 15(a)(2). Plaintiff did neither. Furthermore, in light of the Court's decision today, any attempt to amend the Complaint would be futile and moot.

Plaintiff opposes. D.E. 21 ("Opposition" or "Opp'n"). Defendants reply. D.E. 22 ("Reply"). The Court has reviewed the parties' submissions and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT** Defendants' Motion and **DISMISS** the Complaint ***with prejudice***.

I. **BACKGROUND**[5]

Plaintiff's allegations are not readily ascertainable. As best the Court can discern, Plaintiff worked as a Logistics Management Specialist at Picatinny Arsenal in Morris County, New Jersey. While there, Plaintiff was subjected to discrimination, retaliation, and a hostile work environment since 2018. Compl. at 12; D.E. 1-4 at 2 ("Final Agency Decision" or "FAD"). Plaintiff alleges that Defendant Hummer "attempted to suspend [her] for 5 days following an alleged altercation" to which there were no witnesses. Compl. at 12. Defendant Hummer extended the punishment from 5 days to 30 days based on his reasoning that he "could get more" information. *Id.* Defendants Hummer and Gopel purportedly sought to end Plaintiff's career and remove her from federal service, and "enlisted the aid of the Garrison Commander in their efforts." *Id.* One of Defendant Gopel's bases for such action was her belief that Plaintiff's presentation of a gun-shaped Christmas tree ornament demonstrated an intention "to commit atrocities." *Id.* Plaintiff broadly challenges Defendants' actions, but does not specify how the alleged actions taken against her were discriminatory or retaliatory. She alludes to disability-based discrimination by alleging that the request for an unspecified medical warranty was a "ruse to fire" her. *Id.* at 14. Plaintiff does not make specific allegations against Defendants Morgan or Hunt. The majority of the Complaint

---

[5] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

appears to respond to the findings of the Final Agency Decision, which dismissed Plaintiff's equal employment opportunity ("EEO") complaint filed on April 22, 2019. FAD at 2.

According to the EEO complaint, Plaintiff alleged that she was subjected to discrimination and a hostile work environment based on her sex, age, and disability (post-traumatic stress disorder) by her first and second level supervisors and the Garrison Commander based on a number of actions. *Id.* at 1-2. Plaintiff received a five-day suspension on July 27, 2018 for "disruptive, disorderly, and discourteous conduct." *Id.* The five-day suspension was re-issued on or about September 13, 2018, and a proposed thirty-day suspension was issued on October 18, 2018. *Id.* at 1. Plaintiff sought, and was denied, a standalone desk with four fixed walls on December 6, 2018. *Id.* at 2. She cited no medical reason for the request. *Id.* Plaintiff was then issued a Bar Letter from entering the arsenal on December 3, 2018, based on "erratic behavior of a threatening nature." *Id.* Plaintiff received a Memorandum of Proposed Removal from federal service on January 24, 2019, which cited her absence without leave ("AWOL") accumulation, her failure to follow proper leave procedures, and her discourteous and unbecoming conduct. *Id.* at 3. Plaintiff was removed from Federal Service on May 14, 2019. *Id.*

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted). As Plaintiff is proceeding *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F.

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### III.    ANALYSIS

#### A.    This Action is Untimely

Defendants argue that Plaintiff was required to file her lawsuit within 30 days of the FAD. Mot. at 10. Plaintiff responds that she was "informed" that the time to respond was 60 days, not 30. Opp'n at 2. Plaintiff also incorrectly contends that she "responded within the 60 days[.]" *Id.* The Court could dismiss Plaintiff's claims solely on the basis she failed to substantively address Defendants' argument. *See Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count."); *see also O'Neal v.*

*Middletown Twp.*, No. 18-5269, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) (finding plaintiffs conceded a point regarding police department's dismissal because they failed to present substantive argument in opposition). Nevertheless, the Court independently finds that Plaintiff's action is untimely.

"When an employee complains of a personnel action serious enough to appeal to the MSPB [Merits System Protection Board] *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (citing 29 C.F.R. § 1614.302 (2012)). As a threshold matter, the FAD characterized Plaintiff's EEO complaint as a "mixed case complaint" because she "could have appealed to the [MSPB]." FAD at 12. Plaintiff does not contest this point.

Federal employees bringing mixed cases may proceed in various ways, including (1) filing a discrimination complaint with the agency or (2) bringing the case directly to the MSPB. *Kloeckner*, 568 U.S. at 45. "If the employee files a mixed case complaint with her employer's EEO office, she has thirty days following the receipt of its final decision to file either an appeal with the MSPB or a civil action in the district court, but she cannot do both simultaneously." *Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013) (citing 5 C.F.R. § 1201.154(b)(2); 29 C.F.R. §§ 1614.302(d)(1)(i), 1614.302(d)(3), 1614.310(g)).

The FAD is dated on November 3, 2022. FAD at 1. Therefore, assuming Plaintiff timely received the FAD, her deadline to file a civil action in this Court was December 3, 2022. Accepting Plaintiff's representation to the Court that she received the FAD on May 31, 2023, Compl. at 12, her deadline to file suit would be June 30, 2023. Plaintiff initiated this action on August 21, 2023,

5

nearly three months later.  *Id.*  In any scenario, her action was not timely brought, and therefore, the Court will **DISMISS** the Complaint *with prejudice*.

B.      **Defendants Are Also Likely Improper Parties**

For thoroughness, the Court also addresses Defendants' argument that they are improper parties to this action.  Mot. at 7.  Plaintiff again does not substantively address Defendants' argument, only averring that "[i]t is not 'improper' to bring a case against the Federal Government and/or its employees for their actions."  Opp'n at 1; *Griglak*, 2010 WL 1424023, at *3; *O'Neal*, 2019 WL 77066, at *3.  The Court will address the proper party to be sued under Title VII, the ADA, and the ADEA in turn.

*First,* Defendants argue that individual employees are not liable under Title VII, and in cases involving executive agencies, only the head of the agency may be named as a defendant. Mot. at 8.  It is true that individual employees are not liable under Title VII.  *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996).  And despite a lack of Third Circuit precedent on the permission of official capacity suits against individuals under Title VII, the Court finds the reasoning "persuasive in the cases dismissing official capacity claims against individual defendants" and agrees that "Title VII provides for liability against employers, not supervisors." *Stallone v. Camden Cnty. Tech. Sch. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *7 (D.N.J. Sept. 13, 2013).  Moreover, federal employees may only bring Title VII actions against the "head of the department, agency, or unit, as appropriate[.]" 42 U.S.C. § 2000e-16(c).

Here, that would be Christine Wormuth, Secretary of the Army.  The FAD instructed Plaintiff:

> [I]f you file a civil action, you MUST name the appropriate Department or Agency head as the defendant and his or her official title. **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the head of the Department or Agency or to state his or her official title may result in the dismissal of the case. The appropriate agency is the

6

> Department of the Army. The head of the Department of the Army is the Honorable Christine E. Wormuth, Secretary of the Army.

FAD at 13 (emphasis original). In Opposition, Plaintiff contends that the "Secretary of the Army was indeed named in the original Statement of the Civil Case too." Opp'n at 1. However, Plaintiff's passive inclusion of Secretary Wormuth's name in certain pages of the Complaint does not suffice. A review of the docket does not reflect any summons issued, or service effectuated, upon Secretary Wormuth. Defendants are the only individuals named on the docket. Accordingly, Defendants are improper parties in Plaintiff's Title VII claim. *See Wilson v. Potter*, 159 F. App'x 415, 417 (3d Cir. 2005) (affirming district court's dismissal of the Postal Service and its employees (other than the Postmaster) from Title VII action).

*Second*, the Court agrees with Defendants that the Army is not subject to the ADA, Mot. at 8, as the "ADA does not apply to federal agencies," *Smith v. Pallman*, 420 F. App'x 208, 214 (3d Cir. 2011); *see also Slingland v. Donahoe*, No. 11-4591, 2012 WL 4473231, at *3 (E.D. Pa. Sept. 27, 2012), *aff'd* 542 F. App'x 189 (3d Cir. 2013). The ADA's definition of a public entity includes state and local governments and agencies, but "does not include the United States Government, federal agencies, or federal employees." *Royster v. Sniezek*, No. 10-2651, 2012 WL 1867171, at *6 (M.D. Pa. Mar. 26, 2012) (citing 42 U.S.C. § 12131(1)).

*Lastly*, as with Title VII, "the head of the governmental entity alleged to have discriminated is the only proper defendant in a suit under . . . the ADEA." *Adams v. U.S. E.E.O.C.*, 932 F. Supp. 660, 664 n.3 (E.D. Pa. 1996) (internal citations omitted). Accordingly, in addition to the

7

untimeliness of the Complaint, the Court could dismiss all claims against Defendants as improper parties.

## IV.    CONCLUSION

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 18, and **DISMISS** the Complaint, D.E. 1, ***with prejudice***.  An appropriate Order accompanies this Opinion.

Dated: **January 29, 2025**

_____
Evelyn Padin, U.S.D.J.